IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE GARY,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0393 |
| | : | |
| C/O ROCKS, *et al.*,<br>    Defendants. | : | |

MEMORANDUM

**BAYLSON, J.**                                                                               **MARCH 8, 2022**

Dwayne Gary, an inmate currently incarcerated at FDC Philadelphia ("FDC"), filed this *pro se* civil action challenging the constitutionality of the conditions at FDC. Gary seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Gary's Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Gary will be granted leave to file an amended complaint as set forth more fully below.

**I.      FACTUAL ALLEGATIONS**[1]

Gary has named as Defendants Correctional Officer Rocks, Correctional Officer Williams, and the "Federal Detention Center, Kitchen Staff." (ECF No. 2 at 1-3.) He utilized the Court's standard form to submit his Complaint and checked the boxes to indicate that each Defendant is sued in his official capacity only. (*Id.* at 2.) Gary's allegations primarily concern an incident in November 2021 in which his food was contaminated and he was subsequently denied medical care. (*Id.* at 4-5.) He also raises claims pertaining to the length of his placement

---

[1] The allegations set forth in this Memorandum are taken from Gary's Complaint and the public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

in the Special Housing Unit ("SHU"), and the conditions on that unit. At the times relevant to his claims, Gary was a pretrial detainee. (*Id.* at 4.)[2]

First, Gary presents claims pertaining to an event that occurred on November 23, 2021. He alleges that on that date, he "found a dead mouse inside [his] food." (*Id.* at 5.) According to Gary, "I took a bite and tasted the mouse inside my mouth." (*Id.*) He claims that he "requested medical from C/O Rocks and C/O Williams but was denied." (*Id.*) Gary also contends that "Officer D. Hall took pictures the same day of the incident." (*Id.*) Gary further avers that he kept the tray of food in his cell "for three days showing every officer even the assistant warden which didn't [sic] about the situation. But send the kitchen staff to my cell to ask did I want another tray." (*Id.* at 12.)

Gary was placed in the SHU on August 27, 2021, and also presents claims relating to the conditions in the various cells he has occupied since he was placed in the unit. (*Id.*) He contends that the first cell had no hot water. (*Id.*) The second cell had mold and the toilet did not work, which required Gary to urinate in the sink in which he also washed his face and brushed his teeth. (*Id.*) Gary further claims that he "let the higher ups know" that he required a "sleep/breathing machine" but that it "took the medical department two months to get me my machine." (*Id.*) Gary also asserts that he has "bottom bunk status" due to back problems, but was assigned to the top bunk for "at least" 2.5 months, which resulted in Gary "falling off the top bunk." (*Id.*) X-rays were taken and showed that Gary "had tweeted [sic] certain spots in [his] body." (*Id.*) Gary claims that he was moved to another cell that also had no hot water. (*Id.*) Additionally, Gary contends that as of the filing of the Complaint, he remained in the SHU "for

---

[2] The publicly available docket for Gary's criminal proceeding reflects that he was charged with several drug-related crimes in 2020 and detained at FDC pending trial. *See United States v. Gary*, Crim. A. No. 20-448 (E.D. Pa.). The docket further reflects that a plea agreement was reached, and Gary was sentenced on January 19, 2022. *Id.* at ECF Nos. 55, 57, 58.

nothing I did my time which was only 30 days.  I . . . have been in the special housing [unit] for 6 months now." (*Id.*)

Based on these allegations, Gary brings *Bivens*[3] claims for assorted constitutional violations.  He seeks monetary damages for "mental issues" and "medical sickness."  (*Id*. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Gary leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Gary is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

---

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[4] However, as Gary is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

3

244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.   DISCUSSION

*Bivens* provides a judicially recognized remedy for constitutional violations committed by federal actors in limited circumstances. Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200. The Supreme Court has recognized an implied private action against federal officials in only four cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment; and (4) *Farmer v. Brennan*, 511 U.S. 825 (1994), which applied *Carlson* and concerned a claim under the Eighth Amendment against prison officials for failure to protect a prisoner from violence by another prisoner. *See Shorter*, 12 F.4th at 371-373.

Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*,

4

868 F.3d at 200.  That inquiry involves determining whether the case presents a new context for a *Bivens* claim that has not been recognized by the Supreme Court and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*."  *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58.  "Whether a *Bivens* claim exists in a particular context is 'antecedent to the other questions presented.'"  *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)).  Furthermore, where a *Bivens* remedy exists, a plaintiff must allege the personal involvement of each defendant to state a claim.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

    **A.**    **Claims Against Federal Detention Center and Official Capacity Claims**

As an initial matter, Gary's claims against "Federal Detention Center" must be dismissed.[5]  A federal government entity is not a person subject to suit under *Bivens*.  *See Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter).

With respect to his claims against Defendants Rocks and Williams, Gary has checked the boxes on the Court's form Complaint indicating that his claims against these Defendants are brought as official capacity claims.  (*See* ECF No. 2 at 2.)  Although *Bivens* provides a remedy against federal actors, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."  *Lewal v. Ali*, 289 F. App'x 515, 516

---

[5] Although it is possible Gary intended to name individual Defendants with his reference to "Kitchen Staff," his Complaint is far too unclear to identify these Defendants or what they did with sufficient specificity to state a claim.  In any event, as discussed below, Gary has not alleged a plausible claim based on finding a mouse in his food.

5

(3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). Accordingly, the constitutional claims against Defendants Rocks and Williams in their official capacities are in essence claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.").

Gary appears not to have understood the implication of checking solely the official capacity boxes. As Gary is proceeding as a *pro se* litigant, and further, since the Complaint seeks damages for Defendants' actions, the Court will liberally construe the Complaint as also asserting claims against Defendants Rocks and Williams in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct). The Court addresses these claims below.

**B.     Medical Deliberate Indifference Claims**

As noted above, the United States Supreme Court has specifically allowed *Bivens* claims to be brought against federal prison officials based on an allegation of deliberate indifference to a

6

serious medical need. *See Carlson v. Green*, 446 U.S. 14 (1980). Here, Gary apparently seeks to invoke *Bivens* based on allegations that he "requested medical" from Defendants Rocks and Williams, presumably after he ingested the food that contained the dead mouse, "but was denied." (*See* ECF No. 2 at 5.)

To state a deliberate indifference claim in the context of medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[6] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference can be shown by "a prison official intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Wilks v. City of Philadelphia*, No. 18-4087, 2019 WL 4261159, at *5 (E.D. Pa. Sept. 6, 2019) (citing *Casilla v. New Jersey State Prison*, 381 F. App'x 234, 236 (3d Cir. 2010)). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring

---

[6] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fifth Amendment governs claims brought by pretrial detainees in federal custody. *See Bistrian*, 912 F.3d at 91; *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under these amendments for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.* Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Gary's Complaint does not support a plausible deliberate indifference claim under the *Iqbal* pleading standard. Gary alleged that Defendants Rocks and Williams "denied medical" after he consumed the mouse. (*See* ECF No. 2 at 5.) Other than this conclusory allegation, however, Gary has not alleged a serious medical need, since he has not alleged what medical care he required or described his health issues in any detail. It follows that Gary has also failed to allege that Defendants Rocks and Williams were deliberately indifference to any such need by denying Gary's request given the absence of factual information describing any symptoms or a need for medical care at the given time. That is, Gary's allegations lack adequate factual development to support a plausible inference that the actions of the Defendants Rocks and Williams violated his constitutional rights. Accordingly, the claims against Defendants Rocks and Williams are not plausible and must be dismissed.

### C. Conditions of Confinement – Deprivation of Sanitary Food

The Third Circuit has not precedentially addressed the existence of a *Bivens* claim challenging the constitutionality of a prisoner's conditions of confinement. In a recent non-precedential opinion, the majority declined to imply a "cause of action to sue federal prison officials for unconstitutional conditions of confinement," *Mammana v. Barben*, 856 F. App'x 411, 415 (3d Cir. 2021), over the dissent of the Honorable Patty Shwartz, who concluded that a

federal prisoner could sue a corrections officer "based upon inhumane conditions of confinement that violate the Eighth Amendment right to be free from cruel and unusual punishment." *Id.* at 416 (Shwartz, J., dissenting). Assuming that a *Bivens* remedy could be available to challenge the conditions in which Gary was confined in the SHU, a question the Court declines to address at the screening stage of this litigation, Gary has not stated a plausible claim.

To the extent that the Complaint asserts a *Bivens* claim based on the allegation that he was served contaminated food, Gary has not alleged the personal involvement of either Defendant Rocks or Williams in this purported constitutional violation. As noted, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. That is, to plead *Bivens* claims, Gary must plead each prison official's personal involvement in the alleged denial of his rights. *Farrar v. McNesby*, 639 F. App'x 903, 906-07 (3d Cir. 2016) (*per curiam*) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement may be shown through personal direction, actual participation in the alleged misconduct, or knowledge of and acquiescence in the alleged misconduct." *Id.* Gary has not made any allegations that Defendants Rocks and Williams were personally involved in the deprivation of sanitary food. Accordingly, Gary's claims on this basis must be dismissed with respect to Defendants Rocks and Williams.

Even if Gary had sufficiently alleged how the named Defendants were responsible for the deprivation of sanitary food, in order to state a plausible constitutional violation, Gary would have to allege that the conditions under which he was confined amounted to punishment. Pretrial detainees in federal custody are protected from "punishment" by the Due Process Clause of the Fifth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Bistrian*, 912 F.3d at 91. Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an

9

inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). With respect to claims regarding the deprivation of sanitary food, courts have held that "isolated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (collecting cases). Accordingly, Gary has not alleged a plausible constitutional violation in connection with this claim.

### D. Duration of Placement in SHU

It also appears that Gary seeks to bring *Bivens* claims based on the duration of time spent in the SHU. (*See* ECF No. 2 at 12.) In *Bistrian*, the United States Court of Appeals for the Third Circuit held that no *Bivens* claim exists for an alleged Fifth Amendment violation based on placement of a pretrial detainee in punitive detention. *Bistrian*, 912 F.3d at 94. Relevant here, *Bistrian* involved a claim brought by a pretrial detainee at the FDC based on allegations that he was "punitively detained" in the SHU for three months based on an alleged violation of telephone use rules and/or an investigation into that violation.[7] *Id.* at 83-85 & n.6. The *Bistrian* Court concluded that special factors did not warrant an extension of *Bivens* to this context based on the following reasoning:

> Unlike Bistrian's failure-to-protect claim, which relates to a specific and isolated event, a punitive-detention claim more fully calls in question broad policies pertaining to the reasoning, manner, and extent of prison discipline. The warden and other prison officials have - and indeed must have - the authority to determine detention policies, to assess the endless variety of circumstances in which those policies may be implicated, and to decide when administrative detention is deserved and for how long. *See Sandin v. Conner*, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995) (observing, in the § 1983 context, that "federal

---

[7] This was the detainee's fourth placement in the SHU. Previously, he was placed in the SHU for seven weeks based on allegations he violated telephone use rules, for a year based on "security concerns," and for a short placement less than a month after his second stay for the detainee's "safety" and an "investigation." *Bistrian*, 912 F.3d at 83-85.

> courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile [prison] environment" and thus should limit "the involvement of federal courts in the day-to-day management of prisons"). Detention policies and their application cannot be helpfully reviewed as *Bivens* claims. "[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform" because the problems "are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree." *Turner v. Safley*, 482 U.S. 78, 84, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987) (citation omitted). The Bureau of Prisons, not the judiciary, has the "expertise, planning, and the commitment of resources" necessary for the difficult task of running a correctional facility. *Id.* at 84-85, 107 S. Ct. 2254. Consequently, the task of prison administration "has been committed to the responsibility of [the legislative and executive] branches, and separation-of-powers concerns counsel a policy of judicial restraint." *Id.* at 85, 107 S.Ct. 2254. Ruling on administrative detention policy matters would unduly encroach on the executive's domain. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) ("It is a rule grounded in necessity and common sense, as well as authority, that the maintenance of discipline in a prison is an executive function with which the judicial branch ordinarily will not interfere." (citation omitted)).

*Id.* at 94-95 (footnotes omitted).

To the extent Gary seeks to bring constitutional claims challenging the length of his detention in the SHU, such claims are indistinguishable in any meaningful way from the claims at issue in *Bistrian*. Accordingly, *Bivens* does not provide a cause of action for Gary to challenge the constitutionality of his placement in the SHU since August 2021. Therefore, Gary's claims are not cognizable under *Bivens* and the Court will dismiss these claims with prejudice because Gary cannot cure the defects in these claims.

### E.     Other Conditions in the SHU

Gary alleges in a conclusory fashion that while housed in the SHU, various cells had no hot water, that there was mold, that the toilet was broken, and that there was a delay in providing him with his "breathing machine" and bottom-bunk placement. (*See* ECF No. 2 at 12.) Assuming *arguendo* that a *Bivens* remedy could be available to challenge the conditions in which Gary was confined in the SHU, Gary has not stated plausible claims.

A plaintiff must present sufficient facts to develop their claims to allege a plausible constitutional violation. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Stokes v. Carney*, No. 21-1435, 2021 WL 4477185, at *8 (E.D. Pa. Sept. 29, 2021) (where plaintiffs "offered at most only one or two sentences of undeveloped allegations about the conditions on [the unit]" they failed to allege "sufficient facts about the extent, duration, and effect of those conditions from which this Court could infer that the challenged conditions were objectively serious).

Here, the facts are pled in a generalized and conclusory manner. Gary has not clearly alleged how long he was subjected to the conditions he challenges, or explained how those conditions deprived him of basic needs or amounted to punishment. Moreover, Gary has not tied the conditions in the SHU to any named Defendant. It is not clear which Defendants are responsible for which events or actions. Absent allegations describing how the Defendants were personally responsible for the conditions in the SHU, Gary has not stated a claim against them. Accordingly, these claims will be dismissed because they are not plausible as pled.[8]

---

[8] Gary submitted an unsigned letter directed to the attention of the Clerk of Court that is dated February 10, 2022. (ECF No. 6.) Therein, Gary sets forth additional issues regarding the conditions of his confinement. Although Rule 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe pro se pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.") (internal quotations omitted). As noted

IV.     **CONCLUSION**

For the reasons stated, the Court will dismiss Gary's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will dismiss the following claims with prejudice because the defects in those claims cannot be remedied:  (1) Gary's *Bivens* claims against Defendants Rocks and Williams in their official capacities; (2) Gary's *Bivens* claims against "Federal Detention Center"; and (3) Gary's claims based on the duration of his placement in the SHU.

Gary's remaining claims will be dismissed without prejudice to amendment in the event Gary can allege sufficient facts to cure the defects identified in those claims.  Cognizant of Gary's *pro se* status, the Court will grant Gary an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for Gary's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his Constitutional rights.  An appropriate Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**

---

above, the Court will grant Gary leave to file an amended complaint consistent with this Memorandum.  Gary must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court.  Any allegations that are not contained in the amended complaint will not be considered.